**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30110 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00118-SEH |
| v. | |
| KEVIN FALCON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Kevin Falcon appeals from the 110-month sentence imposed on remand

following his guilty-plea conviction for being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1).  We have jurisdiction under 28 U.S.C. § 1291,

and we vacate and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Falcon argues that his sentence is procedurally and substantively unreasonable, in light of both his poor health and the relative seriousness of his offense. A correctly-calculated advisory Sentencing Guidelines range is "the starting point and the initial benchmark" for sentencing. *See Gall v. United States*, 552 U.S. 38, 49 (2007). As no basis appears in the record for the district court's selection of a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4), and as it seems likely, instead, that Falcon's base offense level should have been assessed as 14, under section 2K2.1(a)(6), we cannot conclude that the 110-month sentence was either procedurally or substantively reasonable. Accordingly, we vacate the sentence and remand for resentencing.

We are in receipt of Falcon's pro se motion to obtain new appellate counsel. In view of our decision to remand, we deny that motion as moot. In his motion, Falcon asserts that Judge Haddon is biased against him. We find no basis in the record for Falcon's assertion and, therefore, decline to reassign the case to another judge on remand. This panel retains jurisdiction over any future appeal.

**VACATED and REMANDED.**